**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LA-CO INDUSTRIES, INC., an Illinois Corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>J.P. NISSEN COMPANY, a/k/a JOHN P. NISSEN JR., COMPANY, a Pennsylvania corporation,<br><br>      Defendant. | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR LANHAM ACT AND TARIFF ACT VIOLATIONS**

Plaintiff La-Co Industries, Inc. ("La-Co"), by its undersigned attorneys, alleges as follows:

**NATURE OF THIS ACTION**

1. La-Co seeks injunctive, monetary, and other relief against Defendant J.P. Nissen Company, aka John P. Nissen Jr., Company (hereinafter "Nissen"), for its violation of the Lanham Act, 15 U.S.C. § 1125(a), and the Tariff Act, 19 U.S.C. § 1304; and for its violation of Illinois statutory law and Illinois common law of unfair competition.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 15 U.S.C. §1121. The court has supplemental jurisdiction over the related state count pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, especially § 1391(c)(2). Defendant has sold and offered for sale the product at issue in this judicial district, and is therefore subject to this Court's personal jurisdiction.

## PARTIES

4. Plaintiff La-Co Industries, Inc. ("La-Co") is an Illinois corporation with its principal place of business at 1201 Pratt Boulevard, Elk Grove Village, Illinois, 60007.

5. J.P. Nissen Company, a/k/a John P. Nissen Jr., Company ("Nissen") is a corporation under the laws of the State of Pennsylvania, with a principal place of business at 2544 Fairhill Avenue, Glenside, Pennsylvania 19038.

## STATEMENT OF FACTS

6. Since at least 1959, La-Co has manufactured hand-held temperature indicators ("temperature indicators") for use in global industries, including but not limited to metal fabrication, ship building and repair, bridge fabrication, forge and casting foundries, railroads, and iron and steel mills and warehouses.

7. These temperature indicators comprise a metal barrel, surrounding a solid, cylindrical chemical product. The solid chemical product melts at a pre-designated temperature. The La-Co temperature indicators are fully made and assembled in the United States of America. In view of this manufacture in the United States, the La-Co temperature indicators are exempt from the "country of origin" marking requirements of the Tariff Act. Products such as the La-Co temperature indicators may be unmarked, or may be properly marked with the legend "Made in the USA."

8. The market for hand-held temperature indicators in the United States is a multi-million dollar industry, spurred by demand from consumers.

9. La-Co and Nissen compete in the United States market for the sale of hand-held temperature indicators.

10. La-Co's hand-held temperature indicators are sold throughout the United States, including in Illinois.

11. Nissen's hand-held temperature indicators, shown in Exhibit A, are also sold throughout the United States, including in Illinois.

12. Nissen makes or obtains its hand-held temperature indicators in the country of India. This is apparent, because the Nissen temperature indicators at issue in this case are at times sold in a box of ten such indicators, and the box itself is marked with the words "Made in India." See attached Exhibit B.

13. Section 1304 of the Tariff Act of 1930, as amended (19 U.S.C. § 1304), and its Regulations, provide that all imported merchandise shall bear an indication of the country of origin: "Every article of foreign origin imported into the United States shall be marked in a conspicuous place as legibly, indelibly, and permanently as the nature of the article (or its container) will permit, in such a manner as *to indicate to the ultimate purchaser in the United States* the English name of the country of origin of the article" (emphasis added). See Part 134, CBP Regulations, implementing the country of origin marking requirements and exceptions of 19 U.S.C. § 1304.

14. Nissen offers its temperature indicators on its website, www.nissenmarkers.com. A page from that website is attached as Exhibit C. As may be seen from this Exhibit C, consumers may directly purchase individual or single Nissen temperature indicators, which are not enclosed in the 10-pack box.

15. Although Nissen has imported from India its hand-held temperature indicators, Nissen has failed to place the required phrase "Made in India" on the metal barrel of those indicators.

16. Because the country of origin is not placed on the barrel of the Nissen temperature indicator of Exhibit A, the ultimate United States purchaser of a single Nissen temperature

indicator is unable to determine its country of origin. As a result, Nissen is in violation of Section 1304 of the Tariff Act of 1930.

17. A United States buyer encountering Nissen's temperature indicator, with no marking of country of origin on its barrel, will expect that such goods are American made.

18. Nissen's failure to mark the foreign country of origin on its hand-held temperature indicators is likely to cause confusion and to deceive buyers of hand-held temperature indicators as to the country of origin of Nissen's products. Such failure to mark has, upon information and belief, caused confusion and deceived buyers of hand-held temperature indicators into believing that the Nissen products' country of origin is the United States.

19. Nissen's failure to mark the foreign country of origin on its hand-held temperature indicators is likely to affect a prospective buyer's purchasing decision, and to cause a diversion of trade from La-Co.

20. La-Co is likely to be unable to compete fairly with Nissen as a result of Nissen's failure to mark the foreign country of origin on its hand-held temperature indicators. La-Co is likely to incur both lost sales to Nissen and higher costs, including higher marketing costs and other expenditures, in order to prevent, correct, or mitigate likely confusion or deception of prospective purchasers resulting from Nissen's conduct.

## COUNT I
### The Lanham Act
### False Designation of Origin Under 15 U.S.C. § 1125(a)

21. La-Co incorporates herein by reference all the allegations of the preceding paragraphs.

22. Nissen's failure to mark the foreign country of origin on its hand-held temperature indicators is a violation of 19 U.S.C. § 1304.

4

23. Nissen's failure to mark the foreign country of origin on its hand-held temperature indicator products is a false designation of the origin of its products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. It is likely that this false designation of origin actually confused or deceived a substantial number of purchasers of Nissen's hand-held temperature indicators as to their origin, and it is likely that such confusion or deception was material to their purchasing decision, to the commercial detriment of La-Co.

25. La-Co has attempted to resolve this matter without resort to litigation. Specifically, on May 29, 2015, counsel for La-Co sent a letter to the president of Nissen, and asked for Nissen's assurances that it would comply with the country of origin requirements. La-Co asked for a response by June 10, 2015. To date, La-Co has received no response from Nissen.

26. As a result of Nissen's failure to respond to the La-Co letter of May 29, 2015, it is clear that Nissen will not comply with the country of origin requirements of the Tariff Act, unless ordered to do so by this Court. Without such an order by this Court, Nissen's false designation of origin will continue to confuse or deceive potential purchasers of hand-held temperature indicators, to the commercial detriment of La-Co.

27. As a result of Nissen's violations, La-Co is likely to see a diversion of its sales to Nissen, and is likely to suffer a loss of revenues, profits, and market share, unless Nissen is preliminarily and permanently restrained and enjoined by the Court from failing to properly designate the origin of its products.

## COUNT II
### Violation of Illinois Consumer Fraud Act and Common Law Unfair Competition

28.     La-Co incorporates herein by reference all the allegations of the preceding paragraphs.

29.     La-Co alleges violation of Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("the Act"), and of Illinois common law unfair competition laws.

30.     Under the Act, one engages in a deceptive trade practice when, in the course of its business, one uses deceptive representations or designations of geographic origin in connection with goods or services.

31.     The Act imposes an affirmative duty to disclose material facts pertaining to a transaction. The omission of any material fact is deceptive conduct. A matter is "material" if it might cause a consumer to act differently.

32.     Here, Nissen wrongfully omitted the foreign country of origin on its hand-held temperature indicators. The omission of the country of origin is material, in that a consumer who had a preference for American-made goods, and who saw no country of origin markings on the Nissen temperature indicator, might have purchased a Nissen indicator, believing it to be American made. Had the barrel of the Nissen temperature indicator been marked with the required phrase "Made in India," some such consumers would likely have instead sought out and purchased an American made product.

33.     Nissen has thereby engaged in unfair competition, and continues to violate the Act, to the commercial detriment of both La-Co and Illinois consumers.

34.     Under the Act, Nissen is liable to La-Co for actual damages and attorneys' fees.

35.     As a result of Nissen's unfair competition in violation of both the Act and Illinois common law, La-Co has suffered harm to its business. La-Co will continue to sustain diversion

of its sales to Nissen, serious loss of revenues, profits, and market share, unless Nissen is preliminarily and permanently restrained, and ordered by the Court to include the proper country of origin markings on its products.

## **REQUEST FOR RELIEF**

La-Co respectfully requests that this Court:

(a) find that Nissen has used in commerce a false designation of origin in violation of 15 U.S.C. §1125(a), has violated the country of origin requirements of 19 U.S.C. §1304, and has engaged in unfair competition under federal law;

(b) find that Nissen has violated Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and has engaged in unfair competition, in violation of Illinois statutory and common law;

(c) grant a preliminary injunction and thereafter a permanent injunction restraining and enjoining Nissen and any of its officers, directors, agents, servants, employees, successors, assigns and attorneys, as well as all of those in active concert or participation with it, from:

    (i) failing to mark the foreign country of origin on its hand-held temperature indicator products as "Made in India" in violation of 19 U.S.C. § 1304;

    (ii) using any false or misleading representation or description that can or is likely to misrepresent to the trade or public, or individual members thereof, the country of origin of any product or service advertised, promoted, offered or sold by Nissen; and

    (iii) engaging in any other activity constituting unfair competition.

(d) order a recall of all of Nissen's products in the possession of distributors and retailers that are not properly marked with the foreign country of origin, and require Nissen to issue written notices of the recall to all current distributors and retailers of its products and all distributors and retailers with whom Nissen has done business since Nissen's introduction of its Indian-sourced temperature indicators;

(e) order Nissen to file with the Court and serve on La-Co within thirty days after issuance of an injunction a report in writing and under oath setting forth in detail the manner and form in which Nissen has complied with the injunction under 15 U.S.C. § 1116;

(f) award La-Co monetary relief from Nissen in an amount to be fixed by the Court in its discretion;

(g) award reasonable attorney's fees under 15 U.S.C. §1117 and under the Act;

(h) award allowable costs of action under 15 U.S.C. §1117 and under the Act; and

(i) grant La-Co all other relief to which it is entitled under Fed. R. Civ. P. 54.

## DEMAND FOR TRIAL BY JURY

La-Co demands a trial by jury on all issues so triable.

Date: June 22, 2015

Respectfully submitted

LA-CO INDUSTRIES, INC.

By: s/Daniel N. Christus/s
Daniel N. Christus
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

*Attorneys for Plaintiff*

# EXHIBIT A





# EXHIBIT B





# EXHIBIT C

